**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 00-1389**

—————————

HERMAN I. SHALLER,

Plaintiff - Appellant,

and

CORA E. SHALLER,

Plaintiff,

versus

ARTHUR A. WALKER; LEISURE WORLD COMMUNITY
CORPORATION; LEISURE WORLD OF MARYLAND
CORPORATION; MONTGOMERY MUTUAL, INCORPORATED;
ROBERT E. SULLIVAN; RITA S. RAMSEY; RICK
PITMAN; KIM VITI, Shulman, Rogers, Gandal,
Pordy & Ecker, P.A., Attorney for Arthur A.
Walker; JAMES P. SULLIVAN, Shulman, Rogers,
Gandal, Pordy & Ecker, P.A., Attorney for
Arthur A. Walker; WILLIAM JOHN HICKEY,
Montedonico, Hamilton & Altman, P.C., Attorney
for Leisure World Community Corporation;
THOMAS C. MUGAVERO, Montedonico, Hamilton &
Altman, P.C., Attorney for Leisure World
Community Corporation; DURKE G. THOMPSON,
Judge in the Circuit Court for Montgomery
County, Maryland; JAMES L. RYAN, Judge in the
Circuit Court for Montgomery County, Maryland;
JAMES C. CHAPIN, Judge in the Circuit Court
for Montgomery County, Maryland,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (CA-00-677-AW)

Submitted: June 15, 2000                    Decided: June 21, 2000

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Herman I. Shaller, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Herman I. Shaller appeals the district court's order denying relief on his complaint alleging injury due to exposure to asbestos and misconduct by judges and attorneys involved with Shaller's state court litigation concerning the alleged asbestos exposure. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See Shaller v. Walker, No. CA-00-677-AW (D. Md. Mar. 17, 2000).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

* Although the district court's order is marked as "filed" on February 16, 2000, the district court's records show that it was entered on the docket sheet on February 17, 2000. It is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Fed. R. Civ. P. 58 and 79(a); Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

3